# Richmond

CURTIS H. FLANARY, C. D. WALTON, OLEN R. PARSONS, CHESTER ROBBINS AND OSCAR PENNINGTON v. HONORABLE GEORGE MORTON, JUDGE OF THE CIRCUIT COURT OF LEE COUNTY, VIRGINIA, W. A. KEITH AND ARTHUR T. BURCHETTE, CLERK.

October 7, 1955.

Record No. 4492.

*S. B. Campbell, Sr., S. B. Campbell, Jr., H. E. Widener, Fred C. Parks* and *Glenn M. Williams,* for the petitioners.

*Greear, Bowen, Mullins & Winston, Joseph N. Cridlin* and *Edgar Bacon,* for the respondents.

The Court now having maturely considered the record in this cause as noted by the orders entered respectively on September 13, 1955, and October 5, 1955, and the argument of counsel as previously noted, is of opinion that the demurrer of the respondents to the petition herein should be and the same is hereby overruled.

And it appearing to the Court from the record aforesaid that the respondent, George Morton, Judge of the Circuit Court of Lee County, by decree entered on the 27th day of August, 1955, pursuant to a bill in equity filed in said Circuit Court by the respondent, William A. Keith, did enjoin and restrain the respondent, Arthur T. Burchette, Clerk of the Circuit Court of Lee County, from certifying or sending or delivering from his office the list of voters filed with him by C. T. Combs, Treasurer of Lee County, as a list of voters qualified to vote in the general election to be held in Lee County, Virginia, on November 8, 1955, said injunction to remain in force until October 15, 1955, unless sooner dissolved, enlarged or extended.

And it further appearing to the Court that the ground for said injunction was that in the said list filed by the said Treasurer with

the said Clerk as required by Section 38 of the Constitution and Section 24-120 of the Code, the said Treasurer had included the names of persons who had not personally paid their poll taxes to the said Treasurer as required by law and who should not therefore be permitted to vote in the said election to be held on November 8, 1955;

And it further appearing to the Court that both the Constitution and Statutes of Virginia provide in detail as to the qualifications and rights of citizens to vote in the elections held in the Commonwealth; and provide as to the selection and duties of election officials; and provide punishments for those who violate its election laws; and specifically provide for the challenge of the vote of any person who may be known or suspected of not being a qualified voter; and provide the method of trying such challenge and the oath to be taken by the voter in such cases;

And it further appearing to the Court that the said election laws of the Commonwealth, as previously construed by this Court, permit the challenge of the vote of a person who has not in fact paid his poll tax in the time and manner required by the Constitution and laws of the Commonwealth; and further provide methods of contesting elections on the grounds, among others, of votes improperly received or rejected, and for judicial determination of issues so raised;

The Court is therefore of opinion that the Constitution and Statutes of the Commonwealth provide adequate remedies for the wrongs alleged by the said complainant in the said injunction suit, which remedies so provided do not include resort to the injunctive process of equity and thereby to interfere with the holding of elections in the Commonwealth.

The Court is accordingly of the opinion that the Judge of the Circuit Court of Lee County did not have the essential equity jurisdiction to entertain the said suit in equity and to enter the decree in said suit granting the aforesaid injunction, and that said injunction so granted is without validity and is of no effect.

It is therefore considered and ordered by the Court that the prayer of the said petition for a writ of prohibition herein be and it is hereby granted, the said writ is hereby awarded and the said respondent, George Morton, Judge of the Circuit Court of Lee County, is hereby prohibited from having or holding any further proceedings in said equity suit so instituted by the said respondent,

William A. Keith, and from enforcing the said injunction; and the said William A. Keith is likewise prohibited from further proceedings in said equity suit; and the said Arthur T. Burchette, clerk of the Circuit Court of Lee County, shall forthwith proceed to discharge the duties with respect to said list that are required of him by Section 38 of the Constitution and Section 24-121 and other applicable sections of the Code.

It is further ordered that a certified copy of this order shall be mailed by the clerk of this Court to each of the said respondents and shall thereby serve in the place of a formal writ of prohibition.